DIANA F. BRADLEY (14603)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dbradley@agutah.gov

*Attorneys for State Defendants*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AARON MICHAEL HEINEMAN, ELIZA MACINTOSH STAUFFER, and the UTAH ASSOCIATION OF THE DEAF,<br><br>      Plaintiffs,<br><br>v.<br><br>UTAH LIEUTENANT GOVERNOR SPENCER J. COX, the OFFICE OF THE UTAH LIEUTENANT GOVERNOR, JAMES EVANS in his individual capacity, CRAIG FRANK in his individual capacity, the UTAH REPUBLICAN PARTY, and the UTAH COUNTY REPUBLICAN PARTY,<br><br>      Defendants. | REPLY IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS<br><br>Case No. 2:18-cv-00349-PMW<br><br>Judge Bruce Jenkins<br><br>Magistrate Judge Paul M. Warner |

Defendants Utah Lieutenant Governor Spencer J. Cox and the Office of the Utah Lieutenant Governor (hereinafter "State Defendants"), by and through counsel, Diana F. Bradley, Assistant Utah Attorney General and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) respectfully submit this reply memorandum in support of their Motion to Dismiss Plaintiffs' Complaint in its entirety for failure to state a claim upon which relief can be granted.

## **INTRODUCTION**

Each of Plaintiffs' claims against the State Defendants should be dismissed because Plaintiffs have failed to allege the involvement of the State Defendants in their injuries. Plaintiffs argument that State Defendants are liable for the acts of the Utah Republican Party ("URP") Defendants under 42 U.S.C. §1983 fails because States are not subject to claims under § 1983. Plaintiffs' claims under Title II of the ADA and the RA fail because the acts of the URP Defendants are not attributable to the State. Plaintiffs have not alleged facts showing the Lieutenant Governor's Office was directly involved or even aware of the Utah Republican Party's actions with respect to the Plaintiffs and the way URP manages its internal activities does not constitute state action. Plaintiff's claims under Title III of the ADA fail because public entities are not subject to Title III of the ADA.

In their Opposition to the State Defendants' Motion to Dismiss, Plaintiffs argue the State Defendants are liable for the acts of the URP under both § 1983 and

the ADA because they assert that political parties are state actors.  The acts of a political party can constitute state action in limited circumstances where a state is directly involved in an alleged constitutional violation and violation impacts the electorate. However, the management of a political party' internal affairs (such as the way they vote on party platforms or select delegates) does not constitute state action and is not sufficient to impose liability on a state. Here, Plaintiffs have not alleged sufficient facts to impose liability on State Defendants.  State Defendants had no direct involvement (or even knowledge of) the alleged violations, State Defendants did not endorse or approve the alleged violations, and State Defendants have no role in the management of the URP's conventions or caucuses. Because Plaintiffs have not (and cannot) allege State Defendants were involved in the alleged violations, Plaintiffs claims against the State Defendants fail and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## **ARGUMENT**

1. **State Defendants are not liable for the acts of the URP Defendants under Title II of the ADA or the RA.**

The State Defendants are not liable for the acts of the URP Defendants under Title II of the ADA or the RA because State Defendants were not directly involved in the alleged violations, did not encourage or support the URP's alleged actions, and the management of the internal affairs of a political party is not state action.

In some circumstances, a state can be liable for a private entities' actions under the ADA and RA. Guidance as to when a state can be liable for a private parties' actions is provided in 28 CFR § 35.130(b)(1)(i) and is limited to circumstances when the violation arises out of a governmental activity. Plaintiffs ignore the line of cases analyzing whether a state can be liable for the acts of a private entity under the ADA. As discussed in the State Defendants' opening memorandum, these cases do not support a finding that the Lieutenant Governor's Office is liable for the actions of the URP because State Defendants have not contracted with the URP and the URP's allegedly discriminatory acts were not implemented pursuant to a policy or regulation promulgated by the State Defendants.

Ignoring cases analyzing the ADA, Plaintiffs point to cases analyzing whether a private party's actions can be attributed to a state under § 1983 and argue the URP Defendants are state actors because they "function as part of Utah's electoral machinery." [Opp'n Mot. Dismiss 13, ECF No. 36]. Plaintiffs have failed to cite any authority in support of their argument that the ADA framework for analyzing when a private party's action becomes state action should be ignored and replaced by a constitutional analysis. *See Melton v. Orange Cty. Democratic Party*, 304 F. Supp. 2d 785, 788 (M.D.N.C.), *aff'd,* 111 F. App'x 707 (4th Cir. 2004) (holding a political party that failed to provide an accommodation to an individual

attending a rally was not a public entity under the ADA and noting that an analysis of state action cases was unnecessary to determining the narrow statutory interpretation issue of whether a political party was a public entity under the ADA). Regardless, an analysis of § 1983 cases does not support imposing liability on the State Defendants here.

Under § 1983, liability may attach to a state actor when the complained of conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). Absent the direct action of a state actor, conduct may be fairly attributable to a state only where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the latter may be fairly treated as that of the State itself." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 41 (1999). A sufficiently close nexus between a non-state actor and a state actor requires more than the state's "[m]ere approval of or acquiescence in the initiatives of a private party"; rather, to be held responsible for private activity, a state must exercise "coercive power or provide such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state." *Blum v. Yaretsky*, 457 U.S. 991, 1004–05 (1982) (internal quotations omitted). "This test insures that the state will be held liable for constitutional violations only if it is responsible for the specific conduct of which the plaintiff

complains." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1448 (10th Cir. 1995) (citing *Blum*, 457 at 1004–05).

To satisfy the nexus test, a plaintiff must show the state somehow supported the complained of conduct. *See Wasatch Equal. v. Alta Ski Lifts Co.*, 820 F.3d 381, 389–90 (10th Cir. 2016) ("the pleaded facts simply don't demonstrate the Forest Service in any way *encouraged* the snowboard ban or assisted in *enforcing* the ban. The complaint thus fails to establish state action under the nexus test.") (emphasis in original). Plaintiffs have not alleged facts showing the State Defendants supported the URP in its decisions to either implement a stand-up vote or decline to provide an ASL interpreter. In fact, Plaintiffs have not alleged the State Defendants even knew the URP was taking these actions. Thus, the nexus test (if applicable to claims under the ADA) does not support imposing liability on the State Defendants.

Plaintiffs argue that because the URP is regulated by the state election code, its actions can be attributed to the state. However, the existence of governmental regulations does not provide the required nexus. *Blum,* 457 U.S. at 1004; *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974). Similarly, the fact that a private entity receives governmental funds or other kinds of governmental assistance does not transform the conduct of that entity into state action. *Rendell-Baker v. Kohn,* 457 U.S. 830, 840 (1982) (receipt of public funds did not convert acts of a

private entity into acts of the state); *San Francisco Arts & Athletics, Inc. v. United States Olympic Comm.,* 483 U.S. 522, 544 (1987)("The Government may subsidize private entities without assuming constitutional responsibility for their actions."). Thus, Plaintiffs' allegation that State Defendants aided the URP by providing information to the public regarding the dates and locations of political caucuses and conventions is not sufficient to impose liability on the State Defendants.

Plaintiffs' finally point to two Jim Crow Era cases, *Smith v. Allwright* and *Terry v. Adams*, for the broad principle that political parties are state actors whose acts impose liability on a state because political parties engage in a "public function" when selecting candidates in a primary [Opp'n Mot Dismiss 12, ECF No 36]. However, the holdings in *Smith* and *Terry* are not as broad as Plaintiffs suggest, and a political party's actions constitute state action only in limited circumstances. To assert liability on the State Defendants based on the URP's role in engaging in a public function, the Plaintiffs' complaint must plausibly establish that the State of Utah delegated to the URP "a function 'traditionally exclusively reserved to the State.'" *Gallagher,* 49 F.3d at 1456 (quoting *Jackson,* 419 U.S. at 352). The Tenth Circuit has cautioned that this test is difficult to satisfy because a function is rarely deemed *exclusively* reserved to the state. *Wasatch Equal.,* 820 F.3d at 390 (emphasis in original).

Plaintiffs again fail to allege the URP Defendants engaged in a function exclusively reserved to the State. While managing elections may be a traditional government function, managing the internal procedures of a political party's caucuses and conventions is not a power "traditionally associated with sovereignty." *Jackson,* 419 U.S. at 353. There are at least two reasons why *Smith* and *Terry* are inapposite here. First, in *Smith* and *Terry*, the court found that Texas and the Democratic Party were working in concert to specifically deny African-Americans the ability to participate in primary elections. Plaintiffs have not alleged that Utah delegated authority to the URP Defendants with the intention of violating the rights of the Plaintiffs (or the protections provided by the ADA) or anyone else and Plaintiffs cannot plausibly assert that the State Defendants were working in concert to infringe on the Plaintiffs' ADA protections.

Second, *Smith* and *Terry* involved attempts by a political party to violate the rights of persons who were not associated with the party. Here, the complained of actions relate to the management of the URP's internal affairs (specifically the way the URP conducts its conventions and caucuses). Actions related to the internal affairs of a political party do not constitute state action and courts have expressly declined to interfere in the internal affairs of political parties. *See Max v. Republican Comm. of Lancaster Cty.*, 587 F.3d 198, 202 (3d Cir. 2009) (holding the endorsement process by which a political party selects a candidate to represent

its political platform constitutes internal party affairs that are not subject to "judicial meddling," and do not constitute state activity within the meaning of § 1983). And, in some cases courts have noted that interference with the internal affairs of a political party may be violative of the parties' First Amendment right to assembly. *See New York State Board of Elections v. Lopez Torres,* 552 U.S. 196 (2008); *Blank v. Heineman,* 771 F.Supp. 1013, 1014–15 (D.Neb.1991). Here, the alleged violations relate only to the internal affairs of the URP and therefore do not constitute state action that can be attributed to the State Defendants. Because Plaintiffs have not alleged facts showing that the State Defendants are liable for the acts of the URP Defendants, each of Plaintiffs' claims under Title II of the ADA and the RA fail.

### 2. State defendants are not subject to Title III of the ADA

Plaintiffs do not dispute that State Defendants are public entities under the ADA and do not dispute that Title III does not apply to public entities. Instead, Plaintiffs argue that the URP Defendants are liable under Title III. Plaintiffs provide no explanation and cite no authority suggesting that a public entity is liable for the acts of a public accommodation under Title III. Because Title III does not apply to public entities, Plaintiffs' Title III claims against State Defendants should be dismissed.

### 3. State Defendants are not liable under § 1983.

Each of Plaintiffs' claims asserted under 42 U.S.C. § 1983 should be dismissed because State Defendants are not persons for the purposes of the statute. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Plaintiffs do not dispute that the Office of the Lieutenant Governor is a division of the State of Utah. Thus, Plaintiff's claims against the Office of the Lieutenant Governor should be dismissed because states cannot be liable under §1983. Further, in their response to the State Defendants' motion to dismiss, Plaintiffs reaffirm that they are asserting claims against the Lieutenant Governor in his official capacity. [ECF No. 36, Opp'n Mot. Dismiss 19]. A plaintiff may not obtain damages from a state official sued in his official capacity under § 1983 because "a suit against a state official in his or her official capacity is not against the official but rather is a suit against the official's office," and, "[a]s such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 61, 71.[1] Plaintiffs have failed to cite any authority that supports their position that a State may be liable under § 1983 and Plaintiffs claims should be dismissed.

---

[1] Plaintiffs cite to *Will* for the proposition that a state official may be sued under §1983 when sued in his official capacity. [Opp'n Mot. Dismiss 19]. This appears to be a misreading of *Will*.

Even if the State Defendants could be subject to liability under § 1983, Plaintiffs' claims should be dismissed because Plaintiffs have not alleged facts showing that the State Defendants violated their constitutional rights and the URP Defendants actions cannot be attributed to the State Defendants. Plaintiffs do not and cannot allege State Defendants were involved in any way in either failing to provide an ASL interpreter to Mr. Heineman or failing to provide an accommodation to the stand-up vote at the URP convention. Instead, Plaintiffs hope to impose liability on the State Defendants for the actions of the URP Defendants. However, (as above) Plaintiffs allegations are insufficient to hold the State Defendants responsible for the actions of the URP Defendants and each of Plaintiffs § 1983 claims should be dismissed.

## **CONCLUSION**

For the foregoing reasons and the reasons stated in State Defendants motion to dismiss, State Defendants respectfully request this Court dismiss each of Plaintiffs' claims asserted against the State Defendants.

RESPECTUFULLY SUBMITTED this 29th day of November, 2018.

                                      OFFICE OF THE
                                      UTAH ATTORNEY GENERAL

                                      /s/ Diana F. Bradley_____
                                      DIANA F. BRADLEY
                                      Assistant Utah Attorney General
                                      Attorney for State Defendants